UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AISHIA PETERSEN,

    Plaintiff,

vs.

                              Case No.
                              6:25-cv-1419-CEM-RMN

CULVER FRANCHISING
SYSTEM, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Amended Motion for Default Judgment (Dkt. 20), filed December 16, 2025. Upon consideration, it is respectfully recommended that the Motion be denied.[1]

---

[1] This is the second time the Court has denied Plaintiff's Motion for default judgment. *See* Dkt. 19 (denying without prejudice Plaintiff's first motion for failure to support the request for fees and for violation of the Local Rules). Additionally, the Court has had to enter two Orders to Show Cause why Plaintiff should not be sanctioned for failing to comply with the Court's order (Dkt. 10) and for failing to move for default judgment in a timely manner in violation of the Local Rules (Dkt. 17).

## I. BACKGROUND

On July 28, 2025, Plaintiff filed a Complaint against Defendant Culver Franchising System, LLC, for a violation of the Americans with Disabilities Act ("ADA"). Dkt. 1. Defendant Culver Franchising System, LLC ("Culver") was served with the Complaint on August 1, 2025 (Dkt. 9) and failed to timely respond. As a result, the Clerk of Court entered default on September 11, 2025. Dkt. 16. Plaintiff moved for entry of final default judgment (Dkt. 18), which was initially denied without prejudice (Dkt. 19). Plaintiff now renews her motion and moves for entry of final default judgment. Dkt. 20. The matter is ripe for review.

## II. ANALYSIS

"Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.*, No. 6:09-cv-1805, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (citing Fed. R. Civ. P. 65).

Upon review, the Motion contains a fatal flaw: the request for injunctive relief is overly broad and non-specific. Specifically, Plaintiff asks that the Court to

> enjoin the Defendant from violating Title III of the American with Disabilities Act of 1990 (the "ADA") 42 U.S.C. §§s [sic] 12181-12189, such that the

- 2 -

> Defendant takes steps as necessary to bring its Website https://www.culvers.com into substantial compliance with the ADA with respect to the areas of inaccessibility as delineated within the Expert Report, Order for Defendant to complete compliance within 120 days of the date of entry of the Court's Order, and for all other and further relief as the court may dem proper and just.

Dkt. 20 at 128.[2] But looking at what I believe to be Plaintiff's Expert Report (Dkt. 1-3), it is entirely unclear what the specific "areas of inaccessibility" identified are and Plaintiff has not otherwise described or identified them in her Motion. *See* Dkt. 20. And because Plaintiff has not satisfied the standard under Fed. R. Civ. P. 65, an injunction cannot be granted, and the Court should deny the Motion.

It should be noted that Plaintiff—and Counsel—are aware of these requirements. Since 2019, Plaintiff has filed 13 identical cases, and counsel, Mr. Acacia Barrios, has filed another 20 identical cases on behalf of another Plaintiff—Raymond T. Mahlberg—in this division alone. The procedural issues counsel has burdened this Court with—which required repeated Orders to Show Cause, reminders about the requirements of the Court's Local Rules, and explanations on how to properly file motions—are not isolated.

---

[2] In this Report, pinpoint citations to the record reference the PageID found in the CM/ECF header of each page.

As an example, in case No. 6:25-cv-459, the Court issued two Orders to Show Cause (Dkt. 7) (Plaintiff failed to comply with Court's initial orders) and (Dkt. 24) (Plaintiff failed to apply for default judgment in a timely manner in violation of the Local Rules), dismissed the case because Plaintiff failed to timely respond to the Court's Order to Show Cause (Dkt. 14), twice denied Plaintiff's motion for Clerk's Entry of Default (Dkt. 12) (Plaintiff failed to establish service) and (Dkt. 20) (Plaintiff failed to establish service), and twice denied Plaintiff's Motion for Default Judgment (Dkt. 26) (Plaintiff failed to address service of process, venue, and failed to provide an adequate legal memorandum in violation of the Local Rules) and (Dkt. 29) (Plaintiff violated the Local Rules by attaching a proposed order and improperly seeking fees and taxable costs).

In Case No. 6:25-cv-456, the Court entered an Order explaining that Plaintiff filed an incorrect form order and failed to file another form order in violation of a previous Order (Dkt. 8), first denied without prejudice (Dkt. 13) and then twice struck (Dkts. 15, 18) Plaintiff's Motion for Clerk's Default for failure to comply with Local Rules and adequately address whether service on Defendant was proper, issued an Order to Show Cause why the case should not be dismissed for Plaintiff's failure to timely move for default judgment in violation of the Local Rules (Dkt. 22), and denied Plaintiff's Motion for Default Judgment because it failed to include a memorandum of law in

violation of the Local Rules, address Plaintiff's standing, establish liability, and included a request for injunctive relief that was overly broad and non-specific (Dkt. 27).

These two cases merely pose as an example of Plaintiff's—and Counsel's—repeated non-compliance with this Court's Local Rules and the Federal Rules of Civil Procedure. I can only conclude that Plaintiff or counsel or both are not concerned with prosecuting their cases in a timely manner or complying with the requirements of the Local Rules. For this reason, and because the Motion fails to adequately request injunctive relief as explained above, I recommend that the Court deny the Motion and close the case.

### III.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **DENY** Plaintiff's Motion for Default Judgment (Dkt. 20); and

2.      **DIRECT** the Clerk to terminate any pending deadlines and close the case.

### <u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and

file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on March 20, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record